**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**

**RICKY NELSON FRANCE**                                                                                       **PLAINTIFF**

**v.**                                                                         **CIVIL ACTION NO. 1:12CV-P173-M**

**JACKIE STRODE** *et al.*                                                                                **DEFENDANTS**

**MEMORANDUM OPINION**

This matter is before the Court on initial review of Plaintiff Ricky Nelson France's *pro se*, *in forma pauperis* complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the action will be dismissed.

**I.**

Plaintiff, a pretrial detainee at the Warren County Regional Jail, filed a complaint pursuant to 42 U.S.C. § 1983, against Jailer Jackie Strode in his official capacity and Southern Health Partners. According to the complaint, in July 2012, Plaintiff's right ear began hurting. He submitted a medical request, was seen by medical staff, and was given ear drops. The drops did not work so he was given pills. Two weeks later, Plaintiff advised that the pills were not working so he was given ear drops again. Two weeks thereafter, when he complained that his ear was still hurting, he was given pills and then two weeks later he was given different pills. Plaintiff then asked why he could not see a doctor about his ear, and Nurse Vickie said, "what do you want me to do there is no[]thing we can do about your ear." Plaintiff states, "I feel they should have sent me to a doctor or let me go on my own," and he wants "to see a doctor and find out why my ear is hurting and me losing some of my hearing with my ear ringing and hurting." Plaintiff claims that he "was denied by the Jailer Jackie Strode and the medical staff to recieve

the right care I needed" constituting a violation of the Eighth Amendment.  As relief, Plaintiff seeks monetary and punitive damages and injunctive relief.

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A.  Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* § 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.  In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true."  *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "But the district court need not accept a 'bare assertion of legal

conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### III.

At the outset, Plaintiff states that he is not a convicted prisoner but is a pretrial detainee. As such, the Eighth Amendment's proscription against cruel and unusual punishment does not apply to him. *Watkins v. City of Battle Creek*, 273 F.3d 682, 685 (6th Cir. 2001). "Under the Fourteenth Amendment Due Process Clause, however, pretrial detainees have a right to adequate medical treatment that is analogous to the Eighth Amendment rights of prisoners." *Id.* at 685-86.

A. *Jackie Strode*

Plaintiff sues Strode only in his official capacity. If an action is brought against an official of a governmental entity in his or her "official capacity," the suit should be construed as brought against the governmental entity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 68 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Therefore, Plaintiff's official-capacity claim against Strode is actually against the municipality for which he works – Warren County.

When a § 1983 claim is made against a municipality, the Court must analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in original). A plaintiff seeking to hold a municipality liable under § 1983 must "identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997). "Locating a 'policy' ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality." *Id.* at 403-04. "Similarly, an act performed pursuant to a 'custom' that has not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law." *Id.* at 404.

"Beyond having to identify 'conduct properly attributable to the municipality itself,'" a plaintiff "must also demonstrate that, through its deliberate conduct, the municipality was the moving force behind the injury alleged." *Cherrington v. Skeeter*, 344 F.3d 631, 645 (6th Cir. 2003) (quoting *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. at 404) (internal quotation marks omitted). "That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Id.* (quoting *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. at 404) (internal quotation marks omitted). Simply stated, "a plaintiff must 'identify the policy, connect the policy to the [county] itself and show that the

particular injury was incurred because of the execution of that policy.'" *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Village of Bradford*, 245 F.3d 869 (6th Cir. 2001)).

In the instant case, Plaintiff fails to allege the existence of a governmental policy or custom relative to the nature of his claims. Plaintiff fails to show a direct causal link between any municipal action and the deprivation of any federal right. And, "a municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994).

Nothing in the complaint demonstrates that the alleged injury to the plaintiff resulted from the application of any Warren County policy or custom. *See Bennett v. City of Eastpointe*, 410 F.3d 810, 819 (6th Cir. 2005) ("The claimant has the burden of proof for establishing the existence of an unconstitutional policy and demonstrating the link between the policy and the alleged injuries at issue."). The complaint, therefore, fails to establish a basis of liability against the county and therefore fails to state a cognizable § 1983 claim. Having determined that the municipality cannot be held liable for the alleged harm, this Court need not address whether the harm was caused by a constitutional violation.

### B.  Southern Health Partners

This same municipal-liability analysis applies to § 1983 claims against a private corporation like Southern Health Partners.[1]  *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) ("*Monell* involved a municipal corporation, but every circuit to consider the issue has extended the holding to private corporations as well.").  Liability must be based on a policy or custom of the contracted private entity or "the inadequacy of [an employee's] training."  *Id.*; *Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001) ("CMS's [Correctional Medical Systems, Inc.,] liability must also be premised on some policy that caused a deprivation of [plaintiff's] Eighth Amendment rights.").

In the instant case, Plaintiff has not alleged that Southern Health Partners's medical staff acted pursuant to a policy or custom in causing any alleged harm.  Nothing in the complaint demonstrates that the action or inaction of any medical personnel occurred as a result of a policy or custom implemented or endorsed by Southern Health Partners.  The complaint, therefore, fails to establish a basis of liability against that Defendant and fails to state a cognizable § 1983 claim.

The Court will enter a separate Order dismissing the action for the reasons stated herein.

Date: January 16, 2013

*Joseph H. McKinley, Jr.* (signature)

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc:   Plaintiff, *pro se*
       Defendants
4414.005

---

[1] The Sixth Circuit has held that "[i]t is clear that a private entity which contracts with the state to perform a traditional state function such as providing medical services to prison inmates may be sued under § 1983 as one acting 'under color of state law.'"  *Hicks v. Frey,* 992 F.2d 1450, 1458 (6th Cir. 1993) (quoting *West v. Atkins*, 487 U.S. 42, 54 (1988)).  Southern Health Partners has apparently contracted with the Warren County Regional Jail to provide medical services to the inmates.  Thus, on initial review of the complaint, the Court presumes that Southern Health Partners is a state actor.